Essa TOURAY, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 07–3651–ag.

United States Court of Appeals, Second Circuit.

Nov. 14, 2008.

---

Genet Getachew, Brooklyn, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Cindy S. Ferrier, Senior Litigation Counsel, Jessica E. Sherman, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Essa Touray, a native and citizen of the Gambia, seeks review of the July 26, 2007 order of the BIA denying his motion to reopen. *In re Essa Touray*, No. A73 658 459 (B.I.A. July 26 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006) (citing *INS v. Doherty*, 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). Here, we find that the BIA did not abuse its discretion in denying Touray's motion to reopen as untimely. *See* 8 C.F.R. § 1003.2(c)(2). A party seeking to reopen proceedings must file his motion within 90 days of the agency's final order of removal. *Id.* It is beyond dispute that Touray's April 2007 motion to reopen was untimely where it was filed more than nine years after the agency's final order of removal. While there is no time limit on a motion to reopen alleging materially changed country conditions, *see* 8 C.F.R. § 1003.2(c)(3), Touray made no such argument in his motion to reopen.[1]

Touray argues that he is authorized by 8 U.S.C. § 1158(a)(2)(D) to reapply for asylum based on his changed personal circum-

---

1. In his brief to this Court, Touray argues for the first time that "there is change in Gambia regarding how the government and religious leaders view FGM." However, Touray failed to raise this argument in his motion to reopen to the BIA, arguing only that his changed personal circumstances warranted reopening. We decline to consider this unexhausted argument where the BIA did not have the chance to consider it in the first instance. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n. 1 (2d Cir.2007).

stances, i.e., the birth of his U.S. citizen daughter in the United States and his opposition to FGM in The Gambia. With respect to 8 U.S.C. § 1158(a)(2)(D), we determined in *Yuen Jin v. Mukasey*, 538 F.3d 143, 151–56 (2d Cir.2008) that the BIA's interpretation in *Matter of C–W–L–*, 24 I. & N. Dec. 346 (BIA 2007), of the relationship between 8 U.S.C. § 1158(a)(2)(D) and 8 U.S.C. § 1229a (c)(7)(C)(ii) should be accorded *Chevron* deference. Specifically, we deferred to the BIA's conclusion that an alien who is subject to a final order of removal must file a motion to reopen to seek new relief, including asylum, and that such motion must comply with the statute and regulations governing motions to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c). Accordingly, an untimely motion to reopen seeking asylum must be denied unless the alien can demonstrate changed country conditions. *See Yuen Jin*, 538 F.3d at 156; *Matter of C–W–L–*, 24 I. & N. Dec. at 352–53.

Because Touray's untimely motion to reopen was based solely on his changed personal circumstances, we find that the BIA did not abuse its discretion in denying that motion.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).